# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

MID CENTRAL OPERATING          )
ENGINEERS HEALTH & WELFARE     )
FUND,                          )
                               )
         Plaintiff,          )
                               )
    v.                       )          Case No. 11-1366
                               )
TOBIN EXCAVATING, INC.,        )
                               )
         Defendant.          )

## O R D E R

This matter was before the Court for on Defendant's Combined Motion to Dismiss or for More Definite Statement.  For the reasons set forth below, the Motion [#7] is GRANTED.

### BACKGROUND

Plaintiff brings this action alleging that Defendant is delinquent on its obligation to make contributions to the Health & Welfare Fund and Central Pension Fund as required by "a trust agreement" and "pursuant to a collective bargaining agreement" entered into by Defendant. However, neither document is specifically identified or attached as an exhibit to the Complaint. Defendant moves to dismiss or alternatively for a more definite statement asking the Court to require Plaintiff to specifically identify these documents so that it can determine whether it has any obligations under such documents and prepare a defense in this action.

### DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle

her to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

While Plaintiff's Complaint may be minimally sufficient under this standard when all reasonable inferences are drawn in its favor, contracts forming the basis for these kinds of action are routinely attached as exhibits if not specifically identified in the body of the Complaint. The Court sees no reason to play hide and seek with the basis for this action, particularly where there appears to be a possibility that the identification of the specific agreements may facilitate a negotiated resolution that spares the parties the expense of proceeding with this litigation. Accordingly, Defendant's Motion to Dismiss and for a More Definite Statement is granted, and Plaintiff is directed to file an Amended Complaint that either identifies or attaches the relevant contracts or agreements.

**CONCLUSION**

For the reasons set forth above, the Motion to Dismiss or for a More Definite Statement [#7] is GRANTED. Plaintiff shall file an amended complaint correcting the identified deficiencies within 14 days, and Defendant shall respond within 20 days thereafter if no agreement has been reached.

ENTERED this 30th day of November, 2011.


s/ James E. Shadid
James E. Shadid
United States District Judge